# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ANDREW CLARKE,

        Plaintiff,

v.

RUSSELL R. MCMURRY, P.E.,
Commissioner of the Georgia
Department of Transportation,

        Defendant.

1:17-cv-3664-WSD

## OPINION AND ORDER

This matter is before the Court on Defendant Russell R. McMurry's[1] ("Defendant") Special Appearance Motion to Dismiss [3] ("Motion to Dismiss") and Motion to Stay Discovery [4]. Also before the Court is Plaintiff Andrew Clarke's ("Plaintiff") Request for Entry of Default Judgment. ([6]).

## I. BACKGROUND[2]

On April 2, 1996, Plaintiff Andrew Clarke ("Plaintiff") was struck by a drunk driver while operating a Georgia Department of Transportation ("DOT")

---

[1] Defendant's Motions are filed on Defendant's behalf by Christopher M. Carr, Attorney General for the State of Georgia.

[2] The facts recited in this Order are drawn from Plaintiff's Complaint and are accepted as true for purposes of Defendant's Motion to Dismiss. See Doe v. Wooten, 747 F.3d 1317, 1320 (11th Cir. 2014).

vehicle in a construction zone on I-20 West in Atlanta, Georgia. (Complaint [1] at 4). Plaintiff allegedly suffered "extreme trauma" as a result of the accident, including traumatic brain injury, neurological damage, skeletal damage, and "[e]xtreme emotional distress." (Id. at 4-5).

On April 20, 2017, Plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action against Defendant in his official capacity as Commissioner of DOT. Plaintiff alleges a deprivation of his right to substantive due process, procedural due process, and equal protection in violation of the Fourteenth Amendment. (Id. at 2-3). The Complaint also appears to assert a state law claim for fraudulent inducement. (Id. at 5). Plaintiff seeks $10 million in damages. (Id.).

On November 7, 2017, Defendant filed his Motion to Dismiss based on insufficient service of process, the Eleventh Amendment and sovereign immunity, the statute of limitations, and failure to state a claim under § 1983. ([3.1] at 2). In the alternative, Defendant moves the Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to require Plaintiff to submit a more definite statement of his claims. ([3.1] at 2). Defendant also filed, on November 7, 2017, his Motion for Stay of Discovery pending the final resolution of the Motion to Dismiss.

Plaintiff did not file a response to either of Defendant's Motions, and they are deemed unopposed. See LR 7.1(B), NDGa.

On November 21, 2017, Plaintiff filed a Request for Entry of Default Judgment seeking the "Clerk to enter a default against [] [D]efendant, on the basis that the record in this case demonstrates that there has been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure."[3]

## II. LEGAL STANDARDS

### A. Motion to Dismiss

On a motion to dismiss, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."

---

[3] The Court denies Plaintiff's Request for Entry of Default Judgment. Rule 55(a) of the Federal Rules of Civil Procedure states:
> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

See Fed. R. Civ. P. 55(a). Here, it is clear Defendant has "otherwise defend[ed]" himself by filing a Motion to Dismiss and a Motion to Stay Discovery.

3

Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims

4

across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

    B.   *Pro Se* Pleading Standard

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

## III. DISCUSSION

    A.   Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint on a number of grounds. Defendant first argues that Plaintiff failed to properly effect service of process. Defendant next argues that Plaintiff's federal and state claims are barred by the

5

Eleventh Amendment. Defendant further argues that Plaintiff's claims are barred by the statute of limitations.[4] Defendant finally argues that, even if Plaintiff's claims are not barred by Plaintiff's failure to properly serve, the Eleventh Amendment and sovereign immunity, or the statute of limitations, Plaintiff's Complaint nonetheless fails to state a claim. The Court finds that, based on all of those grounds articulated by Defendant in his Motion to Dismiss, Plaintiff's Complaint should be dismissed.

1. Insufficient Service

Defendant first argues that the Complaint fails for lack of personal jurisdiction based on insufficient service of process. Rule 4(c) of the Federal Rules of Civil Procedure provides that service of process shall be effected by serving a summons "together with a copy of the complaint . . . within the time allowed under [Rule 4(m)] . . . by any person who is not a party and who is at least 18 years of age." See Fed. R. Civ. P. 4(c). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir.

---

[4] The Court agrees with Defendant that, to the extent Plaintiff's claim is based on his initial injury, his claim is barred by the applicable two-year statute of limitations. See O.C.G.A. § 9-3-33, see also Giles v. Garwood, 853 F.2d 876, 877 (11th Cir. 1988).

6

1990). A natural person must effect the service. <u>Ojelade v. Coleman</u>, 258 F. App'x 257, 258, 2007 WL 4275503, at *2 (11th Cir. 2007) ("USPS [is] not a natural person and cannot effect service."). Finally, "[a] defendant's actual notice is not sufficient to cure defectively executed service." <u>Albra v. Advan, Inc.</u>, 490 F.3d 862 (11th Cir. 2007).

Here, Plaintiff allegedly attempted to serve Defendant by sending a copy of the summons by U.S. priority mail to the DOT Commissioner's office. ([2] at 2). Plaintiff signed the requisite Proof of Service as the "Server" and listed his personal address. ([2] at 1). Defendant argues this service was improper because Rule 4(c)(2) provides that service may be affected by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). The Court agrees. Plaintiff failed to comply with the requirements of the Federal Rules of Civil Procedure by attempting to mail the summons to the DOT Commissioner's office by U.S. mail and by personally acting as the "server." While Plaintiff is a *pro se* litigant, and is therefore entitled to greater leniency in this instance, the Eleventh Circuit holds that a plaintiff's *pro se* status generally does not excuse insufficient service of process. <u>Albra</u>, 490 F.3d at 829 ("And although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'") (quoting <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304

(11th Cir.2002)). The Court finds Plaintiff failed to effect sufficient service of process, and grants Defendant's Motion to Dismiss for this reason.

2. <u>Eleventh Amendment and Sovereign Immunity</u>

Defendant also argues that Plaintiff's federal constitutional claim for money damages against Defendant in his official capacity is barred by the Eleventh Amendment. ([3.1] at 5). Defendant first contends that the Eleventh Amendment bars suits against a state or one of its agencies, departments, or officials absent a waiver by the state or a valid congressional override, including any suit in which the state is a real party in interest or when any monetary recovery would be paid from state funds. (<u>Id.</u>); see also <u>Jackson v. Dept. of Transp.</u>, 16 F.3d 1537, 1577 (11th Cir. 1994) ("The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state."); <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986). Defendant argues that "any monetary relief sought from [Defendant] as a state officer in his official capacity would in fact operate against the state." ([3.1] at 6).

The Court agrees. A § 1983 action for money damages against Defendant in his official capacity would effectively "operate against the state" because any monetary recovery would be paid by state funds. Moreover, the Eleventh Circuit

has held that, "[a]bsent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued, the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." Gamble v. Florida Dep't of Health & Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986). The Eleventh Circuit has stated that "[i]t is clear that Congress did not intend to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits." Zatler, 802 F.2d at 400; see also Quern v. Jordan, 440 U.S. 332, 342.

Georgia has expressly reserved its sovereign immunity in article 1, section 2, paragraph IX of the Georgia Constitution, which provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments and agencies by the United States Constitution." Thus, Georgia has preserved its sovereign immunity from tort liability unless explicitly waived by the General Assembly. Vaughn v. Georgia, No. 1:11-CV-4026-RWS, 2012 WL 2458538, at *3 (N.D. Ga. June 27, 2012); see also Romano v. Ga. Dept. of Corr. et al., 303 Ga. App. 347, 693 S.E.2d 521, 524 (Ga. Ct. App. 2010) (quoting Southerland et al. v. Ga. Dept. of Corr., 293 Ga. App. 56, 666 S.E.2d 383, 384 (Ga. Ct. App. 2008)) ("Pursuant to our state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the

extent that the legislature enacts a specific waiver."). The Court has not found, nor have the parties brought to the Court's attention, any legislation passed by the General Assembly or state constitutional provisions that waive Georgia's sovereign immunity with respect to Plaintiff's federal constitutional claim for money damages.[5]

Plaintiff also appears to allege a state law claim of fraudulent inducement based on Defendant's broken promise to pay approximately $51,000 of Plaintiff's student loans upon completion of his degree. ([1] at 5). Defendant argues this state claim is similarly barred by the Eleventh Amendment and sovereign immunity. ([3.1] at 13-15). Defendant concedes that while Plaintiff's claims are based on the alleged tortious acts by a state officer or employee falling within the purview of the Georgia Tort Claims Act ("GTCA"), O.C.G.A. § 50-21-20 et seq, which grants a limited waiver of the state's sovereign immunity, the state of

---

[5] Defendant also contends that Plaintiff fails to state a cognizable claim because Defendant is not a "person" subject to suit under § 1983 because "person" is given its ordinary meaning and Defendant, as a state actor, does not fit within that definition. ([3.1] at 6). In Will v. Michigan Dep't of State Police, the U.S. Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989). Plaintiff's Complaint makes clear that he is suing Defendant in his official capacity. ([1] at 2). The Court holds that Defendant is not a "person" as defined by § 1983, and thus Plaintiff has, for this additional reason, failed to state a cognizable claim against Defendant.

Georgia has not waived its immunity with respect to suits brought in federal courts. ([3.1] at 14).

The GTCA provides that "[t]he state waives its sovereign immunity . . . only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23(b); see also Jude v. Morrison, 534 F. Supp. 2d 1365, 1373 (N.D. Ga. 2008) ("[A]n action against the State of Georgia cannot stand in this forum because the State of Georgia has not waived its sovereign immunity through the Georgia Tort Claims Act for actions brought in federal court."); Alyshah v. Georgia, No. 1:06-cv-0930-TWT, 2006 WL 2583288, at *2 (N.D. Ga. Sept. 5, 2006) ("The GTCA specifically preserves the State's sovereign immunity from suit for tort claims filed in federal courts."). Consequently, this Court lacks subject matter jurisdiction over Plaintiff's state claim alleging fraudulent inducement.

       3.     Failure to State a Claim

Defendant finally argues that, even if the abovementioned grounds did not bar Plaintiff's Complaint, Plaintiff fails to state a cause of action under § 1983. To state a cause of action under § 1983, a plaintiff must demonstrate (1) that the conduct complained of was committed by a person acting under color of state law;

and (2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

Defendant argues that Plaintiff's Complaint falls short because: (1) "although Plaintiff alleges that his injuries occurred within the scope of his employment with DOT, he does not allege that [Defendant] was, at the time in question, employed as Commissioner of DOT," and (2) "though Plaintiff alleges that [Defendant] 'acted under the Workers Compensation of the State of Georgia,' he does not describe any conduct by [Defendant] which he contends violated his constitutional rights." ([3.1] at 9-10). Defendant states that "liability under § 1983 cannot be based purely upon one's supervisory role without allegations of direct actions that resulted in the complained of deprivation." (Id.). Defendant further contends that, even assuming Plaintiff sufficiently pled conduct by Defendant under color of state law, Plaintiff has failed to show the deprivation of a constitutionally protected interest. (Id. at 11).

The Eleventh Circuit has held that complaints in § 1983 cases must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010) (quoting Bryson v. Gonzales, 534 F.3d

1282, 1286 (10th Cir. 2008). It is evident that Plaintiff's Complaint fails to meet this pleading standard, even under the less stringent standard applied to *pro se* litigants. Plaintiff's Complaint includes barebones factual recitations and legal conclusions. Plaintiff fails to allege when Defendant worked at DOT, how Defendant caused Plaintiff's injuries, or what role Defendant played in violating Plaintiff's constitutional rights. Plaintiff does not elaborate or describe Defendant's conduct with any particularity. Plaintiff's "conclusory allegations, unwarranted deductions of facts[,] [and] legal conclusions masquerading as facts" simply cannot prevent dismissal here. The Court finds that, even if Plaintiff's Complaint were not barred by the abovementioned jurisdictional grounds, Plaintiff has failed to state a claim under § 1983.[6]

---

[6] In addition to Plaintiff's § 1983 claim and fraudulent inducement claim, Plaintiff also appears to assert a claim for "medical insurance fraud" against the Department of Administrative Services ("DOAS") as "Defendant's third party." ([1] at 5). Plaintiff also alleges that "Defendant's physicians, understated, misdiagnosed, and outright lied, about the existence and extent of the Plaintiff's injuries." (Id.). Finally, Plaintiff claims that an unnamed administrative law judge ("ALJ") "was arbitrary and capricious" in allegedly ordering that Plaintiff's student loan payments not be paid to by Defendant. (Id.). As Defendant rightly points out in his Motion to Dismiss, these allegations are not made against Defendant, nor are DOAS, the unidentified physicians, or the ALJ named as parties to this action. ([3.1] at 9, n.4). Thus, to the extent Defendant is in fact asserting these claims, the Court dismisses them.

B. <u>Motion to Stay Discovery</u>

Because the Court grants Defendant's Motion to dismiss, Defendant's Motion to Stay Discovery is denied as moot.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clerk's Entry of Default [6] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery [4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 7th day of December, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE